EXHIBIT 1

# Summons

In the matter of Textron Inc. and Subsidiaries, 40 Westminster Street, Providence, RI 02903, EIN: 05-0315468

Internal Revenue Service (Division): Heavy Manufacturing & Transportation - DFO East

Industry/Area (name or number): LMSB

Periods: 12/29/2001

**The Commissioner of Internal Revenue**

To: Norman Richter, as Vice President - Taxes of Textron Inc. and Subsidiaries

At: 40 Westminster Street, Providence, RI 02903

You are hereby summoned and required to appear before Edward J. Vasconcellos, Team Manager, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachments A and B.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

380 Westminster Street, Providence, RI 02903 401-525-4295

**Place and time for appearance at** 380 Westminster Street, Providence, RI 02903

IRS

on the 17th day of June 2005 (year) at 10:30 o'clock a. m.

Issued under authority of the Internal Revenue Code this 2nd day of June, 2005 (year).

Department of the Treasury
Internal Revenue Service
www.irs.gov

Edward J. Vasconcellos
Signature of issuing officer

Team Manager
Title

Signature of approving officer *(if applicable)*

Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Original — to be kept by IRS**

ATTACHMENT A
DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this summons:

1. The term "Taxpayer" refers to Textron Inc. and any successor in interest and includes any and all subsidiaries, affiliates, or partners of Textron Inc., any entity over which Textron Inc. exercises legal or effective control, and any present or former employees, officers, or agents of Textron Inc. or its subsidiaries, affiliates, or partners and any entity over which it exercises legal or effective control.

2. The requested items are those listed on Attachment B, attached to this summons.

3. For each and every item you produce in response to Attachment B, please provide the following information:

   a. The identity of each and every item that comprises the Tax Accrual Workpapers, as defined below, for the taxable year listed on Attachment B;
   b. The date of creation, preparation, or assembly of each and every item;
   c. The identity, title, and/or position and current address and telephone number of each and every employee, officer, director, agent, and/or representative of the Taxpayer that created, prepared, and/or assembled each and every item;
   d. The identity, current address, and telephone number of each and every outside person that created, prepared, and/or assembled each and every item;
   e. The engagement letter pursuant to which any item was created, prepared, and/or assembled.

4. The term "Tax Accrual Workpapers" includes all accrual and other financial workpapers or documents created or assembled by the Taxpayer, an accountant for the Taxpayer, or the Taxpayer's independent auditor relating to any tax reserve for current, deferred, and potential or contingent tax liabilities, however classified or reported on audited financial statements, and to any footnotes disclosing reserves or contingent liabilities on audited financial statements. They include, but are not limited to, any and all analyses, computations, opinions, notes, summaries, discussions, and other documents relating to such reserves and any footnotes. Such documents may also be referred to as the "tax pool analysis," "tax liability contingency analysis," tax contingency reserve analysis," "tax cushion analysis," or any other similar name. The name given any of these documents by the taxpayer, the taxpayer's accountant, or the independent auditor is not determinative for purposes of complying with this summons.

5. Tax Accrual Workpapers also include any and all documents that have been withheld previously by the Taxpayer or by a third party in response to any Information Document Request or summons on the grounds that said documents constituted Tax Accrual Workpapers.

6. Tax Accrual Workpapers include any and all documents meeting the above definition that are in the actual or constructive possession, custody, or control of the Taxpayer or any of its current or former directors, officers, employees, agents, attorneys, accountants, representatives, or any person(s) or entity(ies) acting in any capacity on behalf of the Taxpayer, or in the actual or constructive possession of the Taxpayer's current or prior independent auditor or any of the auditor's current or former directors, officers, employees, agents, attorneys, accountants, representatives, or any person(s) or entity(ies) acting in any capacity on behalf of the auditor.

7. The requested items are in the possession, custody, or control of Taxpayer or the Taxpayer's current or prior independent auditor if any person or entity acting in any capacity for the Taxpayer or the Taxpayer's current or prior independent auditor has access upon inquiry or through a legal right to obtain.

8. If you contend that items responsive to the summons are not within your possession, custody, or control, or are unavailable after inquiry, please:

   a. State what attempts you have made to locate and make available those documents, including the name and current address or each person of whom you made inquiry and the current and former position of such person;
   b. Provide a summary of the contents of the document you contend is not available, to the best of your ability;
   c. Provide a copy of each request or inquiry made, whether in written or electronic form;
   d. Provide a copy of each response to such inquiry or request; and
   e. State the name and current address of each person who has knowledge of the contents of the document.

9. If the requested items were once available, but are no longer in existence or in the possession, custody, or control of the Taxpayer, please provide:

   a. Your written policy and procedures for storing and retaining such materials and for destruction of such material;
   b. Documents showing that such materials are no longer in existence, the date destroyed, and the reasons for the destruction; and
   c. Complete information as to alternative sources of the requested information.

10. The term "document" refers to any written, printed, typed, graphically, visually, or aurally reproduced material of any kind, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

    a. Contracts, agreements, plans, term sheets, summaries, schedules, exhibits, ledgers, journals, supporting workpapers, opinions, studies, reports, presentations, commentaries, communications, correspondence, memoranda, electronic mail ("e-mail"), minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, bulletins, announcements, press releases, brochures, notices of meetings, agendas, attendance lists, books, charts, graphs, surveys, manuals, and drafts, journal entries, alterations, or modifications of the foregoing;
    b. All e-mail, whether in an electronic or printed form, including but not limited to all e-mail on the user's system, all user and or administrator's back-up tapes and/or disks, and/or any other system or device that saves historical e-mails; and
    c. Video and/or audio tapes, cassettes, films, microfilm, computer files, computer disks, and any other information that is stored or processed by means of data processing equipment and which can be retrieved in electronic, printed, or graphic form.

11. For any document with information on both sides of the document, please provide copies of both sides of the document or make available the original document.

12. If any attachment or attachments to any requested document exists, the request extends to encompass said attachments.

13. The term "person" means any natural person, proprietorship, partnership, corporation, association, organization, joint venture, firm or other business enterprise, governmental body or any subunit thereof, group of natural persons, or other entity.

14. If you produce warehoused records as they are kept in the ordinary course of business, you must provide all means of indexing and retrieving such materials that access those records as they are kept in the ordinary course of business.

15. If you produce computerized records, you must provide the programs and the database for such and all means of accessing such records, including appropriate documentation. For computerized records produced that are created and saved with any of the following programs, you need not initially provide the programs or documentation for such: Adobe, Excel, Microsoft Access, Microsoft Word, or WordPerfect.

16. This summons requires production of original, unaltered, and unredacted documents, unless otherwise specified. Please also provide non-identical copies of all items requested in this summons. Please note and explain any deviation or difference between the original and the copy.

17. In the event that you withhold any document or portion of any document requested by this summons, please provide a description of each such document or portion of the document being withheld, including but not limited to the number of pages contained in the document or portion of the document being withheld (and any associated attachment) and the specific reason why each document or portion of the document (and any associated attachment) is not being provided in response to the summons.

18. If any document or portion of any document (and any associated attachment) is withheld on the grounds of privilege, please state with respect to each such document or portion of the document (and any associated attachment):

    a. The name and title of every person who created and/or prepared the document;
    b. The date of the document;
    c. The names and titles of the addressee(s) and all recipients of the documents and/or copies thereof;
    d. The subject matter of the document;
    e. A description of the document or portion of the document being withheld, including but not limited to, the number of pages it contains and whether it has any attachments;
    f. The privilege or protection claimed; and
    g. The engagement letter pursuant to which the document was created or prepared.

19. For documents being withheld on grounds of privilege, please produce copies of such documents reflecting all portions that are not privileged.

ATTACHMENT B
REQUESTED ITEMS

Please provide all of the Tax Accrual Workpapers for the Taxpayer's taxable year ended December 29, 2001.

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection-

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers. -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P.L. 90-578.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

Date: June 2, 2005 | Time: 10:35 am

**How Summons Was Served**

1. ☑ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.
2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): ______
3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: ______
40 Westminster Street, Providence, RI 02903

Signature: Edward J. Vasconcellos | Title: Team Manager

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: ______ Time: ______

Name of Noticee: ______

Address of Noticee (if mailed): ______

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

Signature: ______ | Title: ______

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

Signature: ______ | Title: ______