UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Petitioner | : | |
| v. | : | C.A. No. 06-198T |
| TEXTRON INC. and SUBSIDIARIES, | : | |
| Respondent | : | |

**AFFIDAVIT OF MARK WESTON**

City of Providence )
)
State of Rhode Island )

I, Mark Weston, state that I have been asked to describe certain factual matters arising out of or relating to the audit by Ernst & Young LLP (E&Y) of the consolidated financial statements of Textron Inc. and its subsidiaries for the year ended December 29, 2001 (the "2001 year"). I am providing this information as the coordinating partner of the Textron, Inc. account, based on my knowledge, information and belief gained in that role, including review of E&Y records and consultation with others at E&Y.

1. I am a partner at E&Y, and I work out of the firm's offices in Providence, Rhode Island and Boston, Massachusetts. E&Y is the independent auditor for Textron Inc. and its subsidiaries. Our engagement covered the period when the 2001 tax accrual for contingent taxes was established by Textron Inc.

2. In connection with its examination of the financial statements of Textron Inc. and its subsidiaries (the "Group") for the 2001 year, E&Y applied certain audit procedures for purposes of forming an opinion as to whether the Group's financial statements presented fairly, in all material respects, the consolidated financial position of the Group as of the 2001 year end. Included among the information reviewed by E&Y for this purpose were lists of potential uncertain income tax items identified by the Group's tax counsel together with its best estimate of the dollar amount of potential tax and related interest associated with each such item, as is required by FAS 5 and FIN 14. As discussed below, E&Y's audit procedures included assessing the potential materiality of those items.

3. In accordance with section 301 of the AICPA Code of Professional Conduct and other applicable authority and with the exceptions noted, E&Y may not voluntarily disclose and in fact is required to maintain the confidentiality of all information received from or on behalf of the Group. Accordingly, E&Y has not disclosed any information regarding the Group's accrual for taxes for the 2001 year to any third party.

4. In applying its audit procedures regarding the Group's accrual for taxes for 2001, in accordance with AU section 326 of the AICPA Auditing Standards and AU section 9326 (Auditing Interpretations of section 326), E&Y did not rely solely upon the conclusions of the Group's tax counsel with respect to the audit procedures it performed regarding the Group's accrual for taxes for 2001. As to those items it believed to be of a material nature that were reflected in the Group's accrual for taxes for the 2001 year, E&Y, among other things, applied its own professional knowledge and judgment. Not all uncertain items identified by the Group's tax counsel were considered to be of a material nature at the time the audit procedures for the 2001 year were performed.

5. For the 2001 year through the present, E&Y has not prepared the U.S. Federal income tax returns of the Group.

6. During the 2001 year and through the present, there has been no litigation, arbitration or other adversarial proceedings, between E&Y and Textron Inc.

I, Mark Weston, declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2006.

Mark Weston

Mark Weston

Signed and sworn to before me, a Notary Public, this 9th day of August, 2006.

My commission expires: April 20, 2007.

Mary E. Harrop, Notary Public

**Mary E. Harrop, Notary Public**
**Commission Expires April 20, 2007**