UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-198T |
| | ) | |
| TEXTRON INC. and SUBSIDIARIES | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE OF RESPONDENT, TEXTRON INC., TO UNITED STATES' EXPEDITED MOTION FOR ENLARGEMENT OF REPLY BRIEF TO 15 PAGES**

Respondent, Textron Inc. ("Textron"), states the following in response to the United States' Expedited Motion for Enlargement of Reply Brief to 15 Pages:

1. Subject to the concerns stated below, Textron does not object to an enlargement of the page limit for the government's reply memorandum. However, Textron notes that the essence of the tax accrual workpapers, which are the subject of the privilege log the government seeks to have produced, is fairly simple (*i.e.*, a list of possible tax issues identified by Textron attorneys together with the litigation hazards assessments of those attorneys, expressed as a percentage chance of losing an issue assuming a challenge by IRS). Such simplicity calls into question whether the government actually requires an additional 10 pages for its reply to address privilege log aspects of the workpapers. Nevertheless, in its motion for expanded page limit, the government correctly states that it did not possess Textron's privilege log when the government prepared its opening memorandum in this matter. Textron maintains that a more modest increase

in the government's page limit would adequately permit the government to discuss matters relating to the privilege log.

2. On the merits, when the government prepared its opening memorandum[1] it was well aware that Textron opposed the summons for tax accrual workpapers on the basis of attorney work product protection and attorney client privilege. The government also was aware that Textron relied on controlling First Circuit case law. *Maine v. Dept. of Interior*, 298 F.3d 60 (1st Cir. 2002). Nevertheless, the government chose to ignore that case law in its opening memorandum, placing principal reliance on the Supreme Court precedent *United States v. Arthur Young & Co.*, 465 U.S. 805 (1984). The government's counsel emphasized the government's central reliance on the *Arthur Young* decision during the telephone conference with the Court on June 13, 2006. (Hearing Transcript, page 12.) Moreover, the government also was aware of the factual predicate for Textron's claim of work product protection. All of these matters were explained and discussed in a letter to the government's counsel dated April 11, 2006. Thus, Textron notified the government of its position before the government filed its opening memorandum.

Additionally, contrary to the assertion made by the United States in paragraph 6 of its pending motion, the government was aware when it filed its opening memorandum that Textron had challenged the summons on the basis that it was motivated by an improper purpose to penalize taxpayers. This challenge, together with the assertion of work product protection, was set forth in a letter dated June 15, 2005 from Textron to the Internal Revenue Service. Thus, the government was in a position to address these issues fully in its opening memorandum.

---

[1] Although the government called its initial filing a brief, consistent with LRCv7(d) Textron shall refer to the parties' respective papers as memoranda.

3. In light of the substantial increase in page limit requested by the government, Textron is concerned that if an increased page limit is granted, the government may utilize the extra pages to present to the Court more than an analysis of privilege log matters, but instead a discussion of arguments and authorities that could and should have been addressed in the government's opening memorandum. Such use of an expanded page limit raises the prospect of substantial prejudice to Textron, to the extent that the government presents to the Court for the first time arguments and authorities in a reply memorandum to which Textron is not entitled to a sur-reply.

4. To respond to this concern, Textron respectfully requests that the Court direct the government to limit the use of any expanded page limit (*i.e.*, the number of pages allowed, if any, in excess of the normal five page reply) to the government's discussion of the specific matters contained in the privilege log.

Dated: September 7, 2006

TEXTRON INC. AND SUBSIDIARIES
By their attorneys

/s/ John A. Tarantino

JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PATRICIA K. ROCHA, #2793
procha@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607

ARTHUR L. BAILEY
J. WALKER JOHNSON
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
*(admitted pro hac vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2006, I did send a true copy of the within *Response of Respondent Textron Inc. to United States' Expedited Motion for Enlargement of Reply Brief to 15 Pages* **by electronic means (ECF)** to:

Thomas P. Cole, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

and **by regular mail** to:

Jennifer D. Auchterlonie, Attorney
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

/s/ John A. Tarantino

*392440_1.doc*