IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>TEXTRON INC. and SUBSIDIARIES,<br><br>Respondent. | ) | Civil No. 06-198T |

**SUPPLEMENTAL DECLARATION OF DOUGLAS R. CARMICHAEL**

I, Douglas R. Carmichael, pursuant to the provisions of 28 U.S.C. § 1746, declare:

1. I have reviewed respondent, Textron Inc.'s, Objection to Government's Petition to Enforce Internal Revenue Summons, and related materials submitted by Textron, including the Textron Privilege Log. The government has asked me to respond to the following contentions raised by Textron:

   a. E&Y was obligated to keep the contents of the 2001 workpapers confidential, and it has done so.

   b. On their financial statements, Textron and TFC report the tax contingency reserves and other contingency reserves in the aggregate.

   c. The tax accrual workpapers of Textron, the parent company, are prepared by lawyers rather than by accountants.

   d. The Textron privilege log identifies foreign and state tax matters as outside the scope of the IRS examination and summons.

**E&Y's Confidentiality Obligation**

2. The auditor's ethical requirement not to disclose any confidential information obtained in the course of a professional engagement does not relieve the auditor from his or her obligation to comply with professional standards, including both auditing standards and accounting standards. In other words, if a matter would need to be disclosed to comply with generally accepted accounting principles, then the auditor would need to insist on disclosure in spite of the ethical rule on confidentiality. The independent auditor of financial statements owes primary allegiance to the investing public. The existence of an ethical rule on confidentiality does not change the auditor's obligations in performing an audit and expressing an opinion. For example, AICPA Rule 301, *Confidential Client*

*Information*, explicitly states that it shall not be construed to relieve a member under his or her obligation under Rules 202 and 203, the rules that require adherence to auditing and accounting standards. Also, this ethical rule on confidentiality explicitly states that it does not affect in any way the auditor's compliance with a validly issued subpoena or summons enforceable by order of a court.

**Aggregation of Contingency Reserves**

3. The fact that Textron and TFC report tax contingency reserves aggregated with other contingency reserves does not affect the auditor's obligation to audit the tax contingency reserves separately and obtain sufficient, competent evidence that the tax contingency reserves are not materially misstated and are appropriately presented and disclosed in the financial statements.

4. E&Y, in order to comply with professional standards, has to obtain reasonable assurance that the financial statements are free of material misstatement. Because the tax contingency reserve is a liability, the recorded dollar amount of that reserve is not an appropriate measure of the amount by which it could be understated. In other words, the recorded amount could be an immaterial amount, but the actual liability could be much greater. E&Y has to obtain reasonable assurance that the tax contingency reserve is not understated by a material amount. Thus, E&Y has to apply auditing procedures to the tax contingency reserve that include inspecting the Textron and TFC tax accrual workpapers, documenting the results of those procedures and the support for the adequacy of the tax contingency reserves, and evaluating the need for financial statement disclosure.

5. Financial statement disclosure of the tax contingency reserve might be required. FASB Statement 5 *Accounting for Contingencies*, paragraph 9, states as follows:

> Disclosure of the nature of an accrual made pursuant to the provisions of paragraph 8, and in some circumstances the amount accrued, may be necessary for the financial statements not to be misleading.

Also, paragraph 10, states that "if an exposure to loss exists in excess of the amount accrued pursuant to the provisions of paragraph 8, disclosure of the contingency shall be made when there is at least a reasonable possibility that a loss or an additional loss may have been incurred." In other words, it would be permissible to aggregate the tax contingency reserve with other contingency reserves and not make separate disclosure only if the nature and amounts involved were not material to the users' understanding of the financial statements. The auditor has to obtain sufficient competent evidence to evaluate whether separate disclosure of the tax contingency reserve is necessary to keep the financial statements from being misleading.

**Preparation of Tax Accrual Workpapers by Lawyers**

6. Whether the tax accrual workpapers are prepared by accountants or lawyers, their purpose is the same, that is, to make accounting judgments about the presentation of financial statements. The tax accrual workpapers are prepared to support the adequacy of the tax contingency reserve. They are prepared for financial reporting purposes. The preparation of tax accrual workpapers by lawyers does not change the nature or purpose of those workpapers.

**Identification of Foreign and State Tax Matters in the Privilege Log as Nonresponsive**

7. Foreign and State taxes are offsets or reductions to federal taxes and are, thus, matters that the independent auditor would have to review and understand to be satisfied that the tax contingency reserve is appropriately determined and presented properly in the financial statements. Also, the auditors, as part of this evaluation, would want to evaluate whether positions taken for federal tax purposes differ in any material respect from positions taken for foreign or state tax purposes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September, 2006,

DOUGLAS R. CARMICHAEL

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing **Supplemental Declaration of Douglas Carmichael** has been made by filing it with the Court via the ECF system, this 14th day of September, 2006. There are no parties that need to be served by manual means.

/s/ Thomas P. Cole

THOMAS P. COLE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9611